IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CORNELIUS JACKSON,                    *

    Plaintiff                         *

          v.                       *        Civil Action No. DKC-19-3576

WARDEN JESSE BELL,                    *

    Defendant                         *
                    ***

**MEMORANDUM OPINION**

Plaintiff Cornelius Jackson, a federal inmate, filed a complaint against Defendant Jesse Bell, warden of FCI Cumberland, arising from his stabbing on November 20, 2019, by two inmates at the Federal Correctional Institution in Cumberland, Maryland.[1] ("FCI Cumberland").  ECF Nos. 1, 7.  Defendant Jesse Bell, has filed an answer to the amended complaint (ECF No. 13) and a motion to dismiss, or in the alternative, motion for summary judgment with a declaration and exhibits.  ECF No. 18.  Mr. Jackson filed an opposition in response.  ECF No. 20.

No hearing is necessary to determine the matters pending before this court.  *See* Local Rule 105.6 (D. Md. 2018).  For reasons set forth below, Defendant's motion, construed as a motion to for summary judgment, shall be granted.

I.      **Background**

This case was opened on December 17, 2019, after Mr. Jackson's wife forwarded a letter from him to the court that stated that he was stabbed by fellow inmates at FCI-Cumberland.  The court construed the letter as a complaint, and directed counsel for the Bureau of Prisons ("BOP") to file an expedited response addressing Mr. Jackson's safety.

---

[1]      Mr. Jackson is presently incarcerated at Federal Correctional Institution in Manchester, Kentucky.

The BOP response was filed on January 3, 2020.  ECF No. 5.  The report and supporting exhibits demonstrated that on November 20, 2019, Mr. Jackson was involved in an assault with two other inmates.  Mr. Jackson received medical treatment for a stab to his face and he and the two assailants were placed in separate housing pending investigation.  Mr. Jackson and one of his assailants were charged with fighting.  The third inmate received an incident report charging him with possession of a weapon and attempted serious assault.  Mr. Jackson was to remain in the Special Housing Unit until disciplinary proceedings were completed and until he was transferred to another institution commensurate with his safety and security needs.  Decl. of Lt. Dana Deurr, ECF No. 5-1 at 2-3; ECF No. 5-1 at 24-30.  BOP counsel also filed a letter she received from Mr. Jackson, which described the stabbing incident, alleged that he was not fighting, and requested his transfer to a different correctional institution.  ECF No. 5-2.  Counsel posited that any challenge to the pending investigation and disciplinary charges was premature, and sought dismissal without prejudice of this matter.  ECF No. 5 at 2.

The disciplinary hearing officer (DHO) issued his report on January 3, 2020, and found Mr. Jackson had engaged in fighting with another person, a prohibited act.  ECF Nos. 18-2  at 20-21.

On January 14, 2020, the court granted Mr. Jackson 28 days to indicate whether he wanted this case dismissed without prejudice or to pursue his claims.  Mr. Jackson was instructed that if he wished to pursue his claims, he must provide the names of the individuals responsible for the alleged wrongdoing and supporting facts.  ECF No. 6.

On January 21, 2020, Mr. Jackson appealed the decision of the DHO.  ECF No. 18-2 at 17.

On January 24, 2020, Mr. Jackson filed an amended complaint, which will serve as the operative complaint in this case.  The statement of the claim reads:

> On November 20, 2019 at approx. 2:35 p.m. I was attacked and assaulted by 2 D.C.
> state inmates.  I was stabbed twice, once on the left side of my head and once across
> my face.  I was walking in my unit A1 going to my assign [sic] cell.  Once I entered
> the 2 inmates came in.  One was holding me, while the other one stabbed me.

ECF No. 7 at 2.  As relief, Mr. Jackson seeks $300,000 for pain and suffering and early release or transfer to a low security federal prison.  *Id.* at 3.  Mr. Jackson was transferred out of FCI Cumberland on February 3, 2020.  Decl. of Howard Williams, ECF No. 18-2 at 3 ¶ 5; ECF No.18-2 at 10; ECF No. 16.

## II.    Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged
> factual dispute between the parties will not defeat an otherwise properly supported
> motion for summary judgment; the requirement is that there be no *genuine* issue of
> *material* fact.

*Anderson v. Liberty Lobby, Inc.,* 477 U. S. 242, 247-48 (1986) (emphasis in original).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'"  *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat,* 346 F.3d at 526 (internal quotation marks omitted)

(quoting *Drewitt v. Pratt,* 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## III.    Discussion

Warden Bell, by his counsel, notes the hybrid nature of the relief sought by Mr. Jackson and argues that he is entitled to dismissal of the claims or judgment in his favor on several grounds. ECF No. 18-1.  First, Warden Bell asserts as an affirmative defense that Mr. Jackson failed to exhaust his administrative remedies before filing this action.  Second, Mr. Jackson improperly combines his request for early release, relief properly sought in a habeas petition pursuant to 28 U.S.C. § 2241, with his request for prison transfer and monetary damages for pain and suffering, relief not available in a habeas proceeding.  Third, Mr. Jackson fails to state a plausible claim for relief on the merits, as he provides no statutory or constitutional basis for early release or transfer. Fourth, even if the court were to consider Mr. Jackson's allegations under *Bivens v . Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) (establishing that a victim of a constitutional violation by a federal agent may recover damages against the official in federal court)*,* the claim fails as a matter of law because Mr. Jackson advances no allegation that Warden Bell was personally involved in the November 2019 incident or was otherwise at fault for the attack.  Lastly, Warden Bell asserts that  he is entitled to qualified immunity because no violation of a clearly established constitutional right is demonstrated.[2]  ECF No. 18-1.

### A.       Exhaustion of Administrative Remedies

Warden Bell raises Mr. Jackson's failure to exhaust his administrative remedies as an affirmative defense.  If a plaintiff's claims have not been properly presented through the administrative remedy process, they must be dismissed pursuant to the Prisoner Litigation Reform

---

[2]    For reasons discussed in this memorandum opinion, the court finds no constitutional violation.  The court therefore need not address Defendant's qualified immunity defense.

Act ("PLRA"), 42 U.S.C. §1997e.  The PLRA provides in pertinent part that [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a).

Under that statute, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h); *see also Gibbs v. Bureau of Prisons*, 986 F. Supp. 941, 943-44 (D. Md. 1997) (dismissing a federal prisoner's lawsuit for failure to exhaust, where plaintiff did not appeal his administrative claim through all four stages of the BOP's grievance process).  The phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), aff'd, 98 Fed. Appx. 253 (4th Cir. 2004).  The exhaustion requirement serves several purposes.  These include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007); *see also Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) (exhaustion means providing prison officials with the opportunity to respond to a complaint through proper use of administrative remedies).

A claim that has not been exhausted may not be considered by this court.  *See Bock*, 549 U.S. at 220.  In other words, exhaustion is mandatory. *Ross v. Blake*, ____ U.S. ____, 136 S.Ct. 1850, 1857 (2016).  Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S.Ct. at 1856 (citing *Miller v. French,* 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory

'shall'. . . normally creates an obligation impervious to judicial discretion")).  Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines."  *Woodford v. Ngo,* 548 U.S. 81, 88, 93 (2006).  This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'"  *Woodford* 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original).

To the extent Mr. Jackson intends to seek habeas relief in this action, courts have required inmates to exhaust their administrative remedies before filing a habeas petition.  In cases seeking a writ of habeas corpus under 28 U.S.C. § 2241, the exhaustion requirement is prudential not statutory.  *See, e.g., Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) ("The exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement."); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005) (excusing exhaustion as futile in a case seeking habeas relief under 28 U.S.C. § 2241); *Asare v. United States Parole Commission*, 2 F.3d 540, 544 (4th Cir. 1993); *Garcia v. Stewart*, 2018 WL 3611052 *4 (D. Md. July 26, 2018); *Manuel v. Stewart*, 2014 WL 4094788, at *4 (D. Md. Aug. 18, 2014).

The Bureau of Prisons ("BOP") has established a four-level process for inmates to resolve concerns related to their confinement.  *See* 28 C.F.R. § 542.10 *et seq.*  Inmates must first attempt informal resolution with staff.  *See* 28 C.F.R. § 542.13.  If an inmate is unable to resolve his complaint informally, he may file a formal written complaint on the proper form within twenty calendar days of the date of the occurrence on which the complaint is based.  *See* 28 C.F.R. §542.14(a).  If an inmate is not satisfied with the Warden's response to the formal complaint, he may appeal, using the appropriate form, to the Regional Director within twenty calendar days of

the Warden's response.  *See* 28 C.F.R. § 542.15(a).  If the inmate is still dissatisfied, he may appeal the Regional Director's response to the Office of the General Counsel, located in the BOP Central Office in Washington, D.C., using the appropriate form.  The inmate must file this final appeal within thirty calendar days of the date the Regional Director signed the response.  *See id.* An inmate is not deemed to have exhausted his administrative remedies until the grievance has been presented at all levels.  *See* 28 C.F.R. § 542.15(a).

After this case was opened, Mr. Jackson appealed the DHO's decision to the Regional Director in Remedy, *Id.* Number 1003246 RI, stating that he was the victim, not the assailant in the assault and should not have  been sanctioned with the loss of 27 good conduct credits and loss of email for 120 days.  Williams Decl., ECF No. 18-2 at 14. [3]  He sought restoration of his good time credits and email privileges, and transfer to a low security prison.  ECF No. 18-1 at 17.

The Regional Office rejected Mr. Jackson's remedy request on January 16, 2020 because Jackson did not attach the DHO report as required.  Williams Decl., ECF No. 18-2 at 4,14-15; *see*

---

[3]    Mr. Jackson does not allege in the amended complaint that his disciplinary hearing violated his due process rights nor does the record evidence suggest such violation.  In prison disciplinary proceedings where, as was the case here, an inmate faces the possible loss of diminution credits, he is entitled to certain due process protections.  These include:  (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66, 592 (1974) (citing *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)).  As long as the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied.  *See Baxter v. Palmigiano*, 425 U.S. 308, 322, n.5 (1976).  Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence."  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).  The record demonstrates that Mr. Jackson received all process due and the hearing officer's written finding was based on the incident report, video footage, photographs, and other documentary evidence. ECF No. 18-2 at 18-21.

*also* amended complaint, ECF No. 7, p. 2, ¶ II(A)(1) ("It was rejected because I forgot to put the DHO report with the remedy.").

The Mid-Atlantic Regional Office received Jackson's refiled DHO remedy on January 24, 2020, the same day that he filed the amended complaint in this court.  ECF No. 13-1 at 4; ECF No. 18-2 at 17-21.  The Mid-Atlantic Regional Office accepted that remedy for consideration and Mr. Jackson was scheduled to receive a response on March 24, 2020.[4]  ECF No. 13-1 at 4.

Under these facts, which are undisputed, Mr. Jackson did not fully exhaust his administrative remedies before filing this action.  Accordingly, the complaint must be dismissed without prejudice for failure to exhaust administrative remedies.  Further, even if Mr. Jackson were to have demonstrated exhaustion of administrative remedies, his claims would be unavailing as discussed below.

### B.   Claims Against Warden Bell

Aside from naming Warden Bell in the caption, Mr. Jackson makes no other mention of Warden Bell in the amended complaint.  Liability of supervisory officials, such as Warden Bell, "is not based on ordinary principles of respondeat superior, but rather is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)).  Supervisory liability in a *Bivens* claim must be supported with evidence that:  (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show

---

[4]   The outcome of the remedy request at the Mid-Atlantic Regional Office level is not reflected in the record.

deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994); *see also Trulock v. Freeh,* 275 F.3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit). Review of the amended complaint, as well as Mr. Jackson's submissions, demonstrates no cognizable claim against Warden Bell. It appears instead that Warden Bell was named as a defendant solely because he is the warden at FCI Cumberland.

### C.     Prison Transfer

Warden Bell accurately notes that a request to be transferred to a different correctional institution is not cognizable in a habeas proceeding. A § 2241 habeas action is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. *Manuel v. Stewart*, No. DKC-13-2043, 2014 WL 4094788, at n. 2 (D. Md. Aug. 18, 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 498–99 (1973); *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Convicted inmates have no constitutional right to early release. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). Mr. Jackson has no constitutional right to demand service of his sentence in one facility rather than another. *See Meachum v. Fano*, 427 U.S. 215, 224, (1976); *see also Sandin v. Conner*, 515 U.S. 472, 493 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). Moreover, Mr. Jackson's transfer from FCI Cumberland has rendered the relief he seeks moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *Slade v. Hampton Rd's Reg'l Jail*, 407 F.3d 243, 248–49 (4th Cir. 2005)

(pretrial detainee's release moots his claim for injunctive relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (concluding that the transfer of a prisoner rendered moot his claim for injunctive relief).

**IV.    Conclusion**

For the foregoing reasons, Defendant's motion to dismiss or, in the alternative, motion for summary judgment, construed as a motion for summary judgment will be granted.  A separate Order follows.


January 5, 2021                                        _____/s/_____
                                                                DEBORAH K. CHASANOW
                                                                United States District Judge